# Miller, Appellant, *v.* Clement.

*Mandamus—Practice, C. P.—Alternative form—Preliminary rule.*

In mandamus proceedings under the act of June 8, 1893, the only question to be determined by the court upon the filing of the petition is whether the substance of a case for mandamus is presented.    If so, the writ should be directed to issue in the alternative form.    Under the act there is no room left for the issue of a preliminary rule to show cause, and the granting of such a rule is an irregularity.

*School law—Directors—Discretion—Expulsion of pupil—Mandamus.*

Both under the act of May 8, 1854, regulating common schools in Penn-

sylvania, and the local act of March 3, 1818, regulating the school system in the city of Philadelphia, the investigation of charges against a pupil and the conduct of the hearing may be delegated to a committee of the board of directors, when the action of the committee is afterwards reported to and is reviewed and considered and sustained by the full board.

On a petition for a mandamus against school directors to compel the restoration of a pupil who had been expelled, the writ is properly refused where it appears on the face of the petition that a hearing of the charges against the pupil was held by a committee of the board, that the testimony of witnesses was heard, and that in the exercise of judgment and discretion a conclusion was reached which the full board approved and adopted, and declined to change or modify at the request of the petitioner.

Argued Jan. 21, 1903. Appeal, No. 264, Jan. T., 1901, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1900, No. 549, refusing alternative writ of mandamus in case of William Miller v. George W. Clement et al., School Directors of the Ninth School District of the city of Philadelphia. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for writ of mandamus.

The petition for the writ as amended was as follows :

That your petitioner is a resident, a citizen and a taxpayer of the city of Philadelphia and state of Pennsylvania, and resides at No. 2130 Market street in the said city.

That your petitioner is the father of George Miller, who is fourteen years of age and who was, prior to the month of May, 1900, duly entered and admitted as a pupil in the Keystone Public School, at Nineteenth and Ludlow streets, Philadelphia, which is under the direction and control of the board of directors of the ninth school section of the said city.

That said school is a free school provided under the public school laws of the state of Pennsylvania, and is supported by public taxation.

That in May, 1900, certain charges were made by the principal of the said school against the said George Miller, to the school committee of the said board, and the said committee thereupon undertook to expel the said George Miller from the said school, and he was thereafter denied admission to the school by the principal and refused further instruction therein.

That the said expulsion was by a committee of said board, consisting of three members thereof, and not by the board of directors themselves, and no examination nor hearing of the charges against the said George Miller was had before the said board as required by law.

That the said committee gave an ex parte hearing only to the charges against the said George Miller and declined to hear witnesses on his behalf, and although the testimony of the witnesses heard was insufficient to convict him of refractory or incorrigibly bad conduct, they ordered his expulsion from the school.

That at the next meeting of the said board of directors, which was held June 28, 1900, your petitioner requested that an examination and hearing in accordance with law should be given his said son, but no such examination nor hearing was given and no attention was paid by the board of directors to his request.

That no further meeting of the board of directors was held until fall, when your petitioner repeated his said request, but no examination nor hearing has yet been given by the said board, and his son is still excluded from the said school.

That under the school laws of this commonwealth, a board of school directors have power to suspend or expel a pupil only when found guilty on full examination and hearing of refractory or incorrigibly bad conduct, and your petitioner submits that they have no power to delegate the power thus vested in them to a committee or to any other person or body whatsoever.

That the said George Miller has not been found guilty of refractory or incorrigibly bad conduct, after full examination and hearing, either before the said board of directors or before any committee thereof, and has therefore been illegally expelled and excluded from the said school.

Your petitioner is without other adequate and specific remedy at law, and therefore prays your honorable court to award a writ of mandamus directed to the said defendants, commanding them to appear at a day certain, either to confess or deny the charges hereinbefore set forth, and if they confess the same, to order them to grant an examination and hearing before the said board of directors to the said George Miller upon the

charges made against him, or else readmit him as a pupil of the said school, in accordance with the rights of your petitioner.

A rule to show cause was granted, an answer was filed, and subsequently the rule for the alternative mandamus was discharged.

*Error assigned* was in discharging the rule, and in not awarding alternative writ of mandamus.

*James C. Sellers,* for appellant.—Under the laws of this commonwealth the appellant possessed the right to have his son educated in the public schools. If the son had been refused admission, without reasonable cause, to the schools of his district, the father was entitled to a mandamus to compel such admission: Commonwealth v. Kaine, 101 Pa. 490; Duffield v. Williamsport School Dist., 162 Pa. 476.

When a child is unlawfully excluded from a public school, as no other adequate and specific remedy is provided by statute or furnished by action at common law, mandamus is the proper remedy: Commonwealth v. Kaine, 101 Pa. 490, 494.

*James Alcorn,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellees.—All that the appellant's son was entitled to was a hearing on the charges alleged against him. He received a hearing and it was found that he was guilty of the charges alleged, and he was accordingly dismissed.

OPINION BY MR. JUSTICE POTTER, May 4, 1903:

This was a petition for a writ of mandamus. Such proceedings are now governed by the act of June 8, 1893, which outlines clearly the proper practice. Section 2 of this act provides that any person desiring to obtain a writ of mandamus shall present his petition therefor, verified by affidavit, to the judge or judges of the proper court, either in session or at chambers, setting forth the facts upon which he relies for the relief sought, the act or duty whose performance he seeks, his interest in the result, the name of the person or body at whose hands performance is sought, demand or refusal to per-

form the act or duty, and that the petitioner is without other adequate and specific remedy at law. If such petition presents the substance of a case for mandamus, the court shall direct that such writ issue in the alternative form. Provided, however, that if the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be awarded in the first instance, and directed to issue forthwith.

The mode of procedure thus prescribed is essentially that which was pointed out and commended by this court in Keasy v. Bricker, 60 Pa. 9. The only question to be determined by the court upon the filing of the petition, is whether the substance of a case for mandamus is presented. If so, the writ should be directed to issue in the alternative form. It will be observed that no room is left for the issue of a preliminary rule to show cause. The granting of such a rule in this case was irregular. It injected a useless feature into the proceedings, which only tended to complicate that which the act of assembly had made simple. To the rule thus granted an answer was filed, which went to the merits of the case, and shortly afterwards the rule was discharged.

But the court below filed no opinion, and we are therefore without information as to whether it considered the answer, in dismissing the rule, or whether its action was based simply upon an examination of the petition. If the petition was insufficient the alternative writ was properly refused.

Turning to the petition we find that it sets forth, that petitioner is the father of George Miller, who is fourteen years of age, and who was, prior to the month of May, 1900, duly entered and admitted as a pupil in the Keystone Public School, at Nineteenth and Ludlow streets, Philadelphia; that in May, 1900, certain charges were made by the principal of said school against the said George Miller, to the school committee of said board, and the school committee thereupon undertook to expel the said George Miller from the said school, and he was thereafter denied admisson to the school by the principal and refused further instruction therein.

The petition admits inferentially that a hearing upon the charges was had before the committee, but complaint is made because the examination and hearing was not given to the boy

at a full meeting of the board. But it is alleged that the matter was afterwards brought to the attention of the full board, and a hearing before them was demanded, which was refused, and the action of the committee was approved and sustained. Sufficient appears from the allegations of the petition to show that charges were made against a pupil of the school, which charges were investigated by a committee of the board of directors, and after a hearing the pupil was expelled. It is not averred that the full board took no action with regard to the matter, but only that it refused to order another hearing before the full board. Under the act of May 8, 1854, power is given to the board of directors, on full examination and hearing, to suspend or expel from the school all pupils found guilty of refractory or incorrigibly bad conduct. The requirement is that the examination and hearing shall be full, but this does not necessarily mean that it should be by the full board. We see no reason why the investigation of charges and the conduct of a hearing may not be delegated to a committee of the board, when the action of the committee is afterwards reported to, and is reviewed and considered and sustained by the full board. Especially in Philadelphia may this method be followed, as section 9 of the act of March 3, 1818, which is still in force, authorizes the school directors of various school districts of the city of Philadelphia to divide themselves into as many committees as there may be schools, so that every committee may have the management of one school only.

We conclude therefore that the petition discloses the fact that the board of directors have acted upon a matter which required of them the exercise of discretion and judgment. As mandamus will not lie to control the exercise of discretion, or to determine in any way the decision reached thereby, the court below would have been justified in holding that the petition did not present the substance of a case for mandamus, and if put upon that ground, the writ was properly refused. The amended petition presented by appellant in no way strengthens his case. On the contrary it only sets forth more clearly the fact that a hearing was held by the committee, that the testimony of witnesses was heard, and that in the exercise of judgment and discretion, a conclusion was reached,

which the full board approved and adopted, and declined to change or modify at the request of appellant. The right of judgment was in the board, and we will not attempt to regulate its exercise.

The assignments of error are overruled, and the judgment is affirmed.