## Reeve, etc., v. Wilson, Mayor, et al.

*Saul C. Waldbaum,* for petitioner.
*Joseph Sharfsin,* for respondents.

BOK, P. J., December 15, 1938.—Plaintiff brings this bill on his own behalf as a taxpayer of the city and on behalf of the Communist Party, which he alleges is composed of taxpayers of the city, asking for the right to inspect the list of city bondholders in the hands of the Philadelphia National Bank, the city's fiscal agent. He

asks this in order to get the information necessary for the filing of a petition for municipal bankruptcy under the Act of August 16, 1937, 50 Stat. at L. 653, amending the Federal Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, 11 U. S. C. §401 et seq.

Under the act only the taxing agency or the municipality itself may be the petitioner: Act of 1937, supra, 11 U. S. C. §401 et seq.; United States v. Bekins et al., Trustees, 304 U. S. 27 (1938). This means that the city itself and not any taxpayer should decide whether or not a petition is to be filed. Such decision is confined under our law to the elected representatives of the people: Act of June 25, 1919, P. L. 581, art. I, sec. 1, art. XVI, sec. 1, 53 PS §§2901, 3251. The people cannot themselves exercise the function or the discretion so confided to their representatives. See Commonwealth ex rel. v. The Commissioners of Allegheny, 37 Pa. 277, 283 (1860). The taxpayers cannot file such a bankruptcy petition nor can they compel the city's representatives to do so by mandamus or otherwise: Miller v. Clement, 205 Pa. 484 (1903). They, therefore, cannot prevail in this suit, which is incidental to such action. The only method by which they are at liberty to seek the end which they have in view is to urge their proposal upon the city's representatives or to speak thereafter at the polls.

When there is no prima facie case set forth in the petition, the writ of alternative mandamus should not be granted: Act of June 8, 1893, P. L. 345, sec. 2, 12 PS §1912; Miller v. Clement, supra; 11 Standard Pennsylvania Practice 200, §76.

I am of the opinion that the petition does not set forth a prima facie right to the relief sought. It is therefore denied.

### Supplemental opinion

Bok, P. J., December 27, 1938.—This is an amended petition consequent upon the one filed December 14, 1938, which was denied by opinion filed December 15, 1938.

The petitioning taxpayer now avers that the Philadelphia National Bank has refused to divulge the identity of the holders of city bonds unless requested to do so by the city controller. He does not aver that he has asked the controller to request a list of bondholders from the bank or that the controller has refused to request it. He prays that we command such disclosure to the end that petitioner may approach the bondholders "for the purpose of the advisability" of their asking the city to institute voluntary bankruptcy proceedings under the Act of August 16, 1937, 50 Stat. at L. 653, or to express their willingness to take a lower rate of interest.

I regard this petition as no more self-sustaining than the original one. Aside from that, it is an avowed attempt to make common barrators of a large group of the city's creditors. The purpose of the petition is to arouse them to an action whose only result, if taken, will be to embarrass the administration and undermine the city's credit. The remedy of mandamus, intended only to compel the performance of ministerial duties imposed by law, cannot be used to any such end. On this ground alone I would be inclined to dismiss the petition.

I find no legal authority, however, for exposing the bondholders to the importunity contemplated by the petition. There is no statute making a list of city bondholders a public record. In its absence, only those citizens who have specific and independent legal rights or interests, different from those of the public at large, may seek a writ of mandamus in their own names: Stegmaier v. Jones, 203 Pa. 47 (1902) ; Owens et al. v. Wollridge et al., 8 Dist. R. 305 (1899) ; Tobin v. Blythe Township School Directors, 11 D. & C. 696 (1928).

Petitioner has pointed to no such statute and to no special interest in himself. He has therefore failed to make out a prima facia case.

The petition is denied.